AO 245 B (Rev. 06/05) Sheet 1 - Amended Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

## VS

WILLARD L. HENNINGER

**AMENDED JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 4:CR-04-300
USM NUMBER: 12552-067

Douglas Chester
**Defendant's Attorney**

**DATE OF ORIGINAL JUDGMENT**: 1/24/06
(Or Date of Last Amended Judgment)
**REASONS FOR AMENDMENT:**

[ ] Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) &(2))

[ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

[ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

**[X] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)**
   **(Incorrect nature of offense)**

[ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

[ ] Modification of Imposed Term of Imprisonment for Extraordinary and
   Compelling Reasons (18 U.S.C. § 3582(c)(1))

[ ] Modification of Imposed Term of Imprisonment for Retroactive
   Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

[ ] Direct Motion to District Court Pursuant [ ] 28 U.S.C. § 2255 or
   [ ] 18 U.S.C. § 3559(c)(7)

[ ] Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
[x] plead guilty to count 2 of the indictment.
[ ] pleaded nolo contendere to count(s)_____ _____
   which was accepted by the court.
[ ] was found guilty on count(s)_____after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title/Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C § 922 (g) | Possession of Firearm by Unlawful User of Controlled Substance. | 1/25/04 | 2 |

The defendant is sentenced as provided in pages 2 through 6of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____.
**[X] Count 1 is dismissed on the motion of the United States.**

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

**January 24, 2006**
Date of Imposition of Sentence

JOHN E. JONES III, JUDGE
MIDDLE DISTRICT OF PENNSYLVANIA

1-27-06
Date

AO 245 B (Rev.06/05) Amended  Judgment in a Criminal Case, Sheet 2 - Imprisonment

Defendant: Willard L. Henninger                                             Judgment-Page 2of 6
Case Number: 4:CR-04-300

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term  of
5 months

**Due to the Defendant's inability to pay a fine is waived.**

[ ] The court makes the following recommendations to the Bureau of Prisons:

[ ] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

    [ ] at_____a.m./p.m. on_____.
    [ ] as notified by the U.S. Marshal.
**[X ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,**
    **[X ] before 2 p.m. on <u>March 6, 2006.</u>  The Defendant is to contact the U.S. Marshal's Office no later than 3 days prior to the above date to be notified of the place of  confinement.**
    [ ] as notified by the United States Marshal.
    [ ] as notified by the probation office.
    [ ] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place
    of confinement.

## RETURN

I have executed this judgment as follows:

Defendant delivered on_____to_____at
_____, with a certified copy of this judgment.

_____
United States Marshal

By_____
Deputy Marshal

AO 245 B (Rev. 06/05) Amended Judgment in a Criminal Case, Sheet 3 - Supervised Release

Defendant: Willard L. Henninger                                          Judgment-Page 3  of 6
Case Number: 4:CR-04-300

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

**[X] The defendant shall cooperate in the collection of DNA as directed by the probation officer**.

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable).
[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable).

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

**The defendant must comply with the standard conditions that have been adopted by this court as well as with any special conditions below.**

**1.  The defendant shall participate in mental health treatment, and as directed by the probation officer.**

**2.  The defendant shall remain for a period of five (5) months at his residence with electronic monitoring, unless given permission in advance by the probation officer to be elsewhere. The defendant shall maintain a telephone with no special features at his place of residence for the above period. Provisions shall be made by the probation officer for the defendant's absence from his residence for employment, medical services, religious services and necessary shopping. Said home detention shall commence as directed by the probation officer and will be electronically monitored. The cost of electronic monitoring is waived.**

It is my determination that the sentence imposed is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). I will note that I have considered all seven factors set forth in 18 U.S.C § 3553(a). Recognizing that the guidelines and policy statements and amendments to the same referenced in 18 U.S.C § 3553(a) (4) and (5) are advisory only, the Court finds their application in this case reasonable and appropriate under the totality of the circumstances.

AO 245 B (Rev. 06/05) Amended Judgment in a Criminal Case, Sheet 3 - Supervised Release

Defendant: Willard L. Henninger                                      Judgment-Page 4  of 6
Case Number: 4:CR-04-300

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least  ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time a home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant  shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) the defendant shall refrain from possessing a firearm, ammunition destructive device, or other dangerous weapon.

15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Office, until such time as you are released from the program by the Probation Officer.

16) the defendant shall notify the Court and U.S. Attorney's Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

17) the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessments.

18) the defendant shall provide the Probation Officer with access to any requested financial information.


        Upon a finding of a violation of probation or supervised release, I understand that the court may  (1) revoke supervision,  (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

        These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed)_____          _____
                                                   Date


        _____          _____
        U.S. Probation Officer/Designated Witness  Date

AO 245 B (Rev. 06/05) Amended Judgment in a Criminal Case,  Sheet 5 - Criminal Monetary Penalties

Defendant: Willard L. Henninger                                                      Judgment-Page 5 of 6
Case Number: 4:CR-04-300

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | Assessment | Fine | Restitution |
|------------|------------|------|-------------|
| **Totals:** | $ 100.00   | $    | $           |

[ ] The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245 C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all non federal victims must be paid before the United States is paid.

| NAME OF PAYEE | TOTAL LOSS | RESTITUTION ORDER | PRIORITY OF PERCENTAGE |
|---------------|------------|-------------------|------------------------|
|               |            |                   |                        |
| **TOTALS**    |            |                   |                        |

[ ] Restitution amount ordered pursuant to plea agreement $ _____.

[ ] The defendant shall pay interest on restitution and fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
    [ ] the interest requirement is waived for the   [ ] fine  [ ] restitution.
    [ ] the interest requirement for the [ ] fine [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245 B (Rev. 06/05) Amended Judgment in a Criminal Case, Sheet 6, Part B-Financial Penalties

Defendant: Willard L. Henninger                                          Judgment-Page 6 of 6
Case Number: 4:CR-04-300

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A [X] Lump sum payment of $100.00 due immediately**
    [ ] not later than_____or
    [ ] in accordance with [ ] C, [ ] D, [ ] E [ ] F below; or
**B** [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below): or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of
    _____(e.g., months or years), to commence _____(e.g., 30 or 60 days) after the date of this judgment; or
**D** [ ] Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $_____ over a period of
    _____(e.g., months or years), to commence_____(e.g., 30 or 60 days) after release from imprisonment to a term of
Supervision; or
**E** [ ] Payment during the term of supervised release will commence within _____(e.g., 30 or 60 days) after release from
imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or
**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

    Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment payment of criminal monetary penalties
is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5)community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.